### THORP v. REILY.

#### (Superior Court of New York City, General Term. January 6, 1890.)

1. APPEAL—REVIEW—OBJECTIONS NOT RAISED BELOW.

  Plaintiff, in an action to recover money loaned, testified that before the suit was brought defendant insisted on his right to retain the money. No request was made for submission to the jury of the question of demand. Held, that defendant could not raise the question on appeal.

2. SAME—HARMLESS ERROR.

  It was admitted that plaintiff paid money to defendant, and his receipt showed that it was in the nature of a loan; and the only question was whether plaintiff afterwards agreed to give the money to defendant for certain services. Held, that the admission of a note given by plaintiff to a third person, which was indorsed to the effect that the money was to be loaned to defendant, was harmless error.

3. SAME.

  Where the court had charged that if the contract alleged had been made and executed the defense of infancy would not avail, it was immaterial that he added: "I do not wish to charge you that mere delay on the part of the plaintiff in making a demand after arriving at maturity is of itself an acquiescence in the contract made by him while an infant."

Appeal from jury term.

Action by William P. Thorp against Henry A. Reily. Defendant appeals from a judgment entered on a verdict for plaintiff.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

A. Walker Otis, for appellant.    Francis Speir, Jr., for respondent.

INGRAHAM, J.    This action was brought to recover the sum of $1,000, being the balance of a sum of $2,500 which the defendant had received from the plaintiff to be invested in Dakota and Nebraska tax certificates and small loans on personal property; and defendant rests his right to retain the $1,000 upon an alleged verbal agreement between himself and plaintiff by which the defendant was to be paid the sum of $1,000 for accompanying the plaintiff to Dakota, and obtaining for him an interest in the banking business there. The existence of this agreement to pay the defendant $1,000 for the services mentioned was denied by the plaintiff; and that was the question that was litigated upon the trial, and was submitted to the jury to determine.

The court, at the end of the charge to the jury, stated: "If the contract was that the defendant was to receive $1,000 on the plaintiff entering into a satisfactory agreement with a banker in the west, and that he did enter into a satisfactory agreement, and if he went on under the agreement, and made money under the agreement, that all that transaction became an affair of the past, being an agreement executed on both sides, then I charge you that the infant is not justified, in a case of that kind, in taking advantage of his infancy. Therefore, the great issue in this case is, was the contract made? Did the plaintiff receive from the defendant such help as the defendant alleges that he gave to obtain a position in the bank in Dakota? Did the plaintiff go on with that, and succeed to a reasonable extent? If so, I charge you that the contract that was made was executed. The plaintiff received the advantage of it, and he is liable to pay whatever the contract called for." If, therefore, the jury had found the contract was made as claimed by the defendant, or, in other words, had believed defendant's testimony, under this direction the de-

fendant was entitled to a verdict; and thus the only question submitted to the jury was the truth or falsity of the defendant's testimony as to the agreement between himself and the plaintiff, and the jury, in finding a verdict for the plaintiff, must be assumed to have found that no such agreement was made.

There was, I think, a sufficient demand for the repayment of the $1,000. The plaintiff testified that before the defendant left Dakota to come home, in 1885, he (defendant) insisted upon his right to retain this $1,000 for the services rendered, to which the plaintiff objected; and in the subsequent transactions between the parties it does not appear that at any time defendant made any other claim, except that he was entitled to retain absolutely, as his own, this $1,000. Whether or not the defendant was bound to repay the $1,000 to plaintiff depended upon the existence of the alleged agreement; and, the defendant having claimed his right to retain the $1,000 under that agreement, and having failed to request the court to submit to the jury any question as to the demand, he cannot now insist that no demand was made.

The appellant also objected to the introduction of the note given by the plaintiff to his mother for the money which was advanced to the defendant, and especially to the indorsement upon the note of the words, "This is the Reily loan." It does not appear from the case, however, that this indorsement was ever read to the jury, or was in evidence. The note itself, and not the indorsement, was offered in evidence. The attention of the court was not called to the indorsement, and no specific objection to it was taken. The fact that the $2,500 was paid by the plaintiff to the defendant was conceded, and the receipt given shows that it was in the nature of a loan to Reily. The note, therefore, and its indorsement, was simply an evidence of the conceded facts in the case, and could not have injured the defendant in the slightest. It had no relation to the subsequent agreement between plaintiff and defendant; and, while it would appear that the evidence was immaterial, it had absolutely no bearing upon the only issue in the case that was in dispute, and could not in the slightest degree have injured the defendant. Nor did the fact that at the time the action was brought a portion of the sum received by the defendant was still invested under the original agreement between the parties require the court to dismiss the complaint. In that case, if the plaintiff's story was true, he would be entitled to recover, under any circumstances, the amount of the $1,000, over and above the $426 that still remained so invested; and the defendant did not request the court to charge the jury that, as to that amount, the plaintiff could not recover. There was no exception taken by the defendant to the charge as made; and it must be assumed, therefore, that the question was submitted to the jury in a manner satisfactory to the defendant.

But one other question remains in the case, and that is as to the occurrence that happened after the jury had left the court-room to deliberate upon its verdict. At that time the court announced to the counsel for both parties its intention to send to the jury the following statement: "I do not wish to charge you that mere delay on the part of the plaintiff in making a demand after arriving at maturity is of itself an acquiescence in the contract made by him while an infant." In view of the charge as actually delivered by the court, this was entirely immaterial; for, as before stated, the court had in substance charged that if the contract had been made and executed the defense of infancy would not avail. At that time counsel for the defendant asked that this proposition be modified by an addition thereto, which the court refused. Counsel for the defendant then stated: "I object to requests being submitted to the jury at this time, and I except to your honor's refusal to charge my last proposition." The objection that the jury were not present at the time, or that the communication was not made to them orally instead of in writing, was not made. Nor did the counsel except to the statement made by the court to the jury, or to the determination of the court that further instructions should be sent to them. The only exception was to the refusal of the court to

charge the additional request made by the defendant, which, in view of the charge as given, was, as before stated, entirely immaterial.

The case then states that plaintiff asked that certain papers be submitted to the jury, to which defendant's counsel objected, upon the ground that the papers should have been submitted when the jury retired; to which the court replied: "Any papers that the defendant desires I will send up, also." It does not appear, however, that any papers were sent to the jury; nor was any exception taken by defendant's counsel to any action taken by the court. I do not think that this occurrence would justify the court in setting aside the verdict, and granting a new trial. No communication was made to the jury in the absence of counsel for the respective parties, and there was no exception taken to the action of the court at the time. The authorities cited by the defendant, which show that where communications are made to the jury in the absence of counsel, and without their knowledge, the verdict will be set aside, do not apply; for in this instance counsel were appraised of the proposed action of the court, and no exception was taken.

An examination of the whole record has satisfied us that the case was fairly tried; that the defendant has no legal ground of complaint; and that the judgment and order appealed from should be affirmed, with costs. All concur.